1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MARK RISSO; A.R., by and through      )
    her guardian ad litem,                )
12                                         )          2:07-cv-451-GEB-DAD
                        Plaintiffs,        )
13                                         )
         v.                                )          ORDER*
14                                         )
    COUNTY OF EL DORADO; CITY OF           )
15  PLACERVILLE; GARY MATTHIES; GLORIA     )
    MAGANA; TRUDY KILLIAN; and TODD        )
16  CARVOR,                                )
                                           )
17                      Defendants.        )
    _____   )
18

19          Defendants County of El Dorado ("the County"), Gary Matthies

20  ("Matthies"), Gloria Magana ("Magana"), and Trudy Killian ("Killian")

21  (collectively, "Moving Defendants") move to dismiss Plaintiffs Mark

22  Risso's ("Risso") and A.R.'s Complaint under Federal Rule of Civil

23  Procedure 12(b)(6) and for a more definite statement.[1]  Six claims for

24

25          *    This matter was determined to be suitable for decision without
26  oral argument.  L.R. 78-230(h).

27          [1]   Although Moving Defendants' motion for a more definite
    statement appears in the title of the document, they did not argue this
28  motion in their papers.  Since they have not shown that the motion
    should be granted, it is denied.

                                        1

relief are alleged in the Complaint: (1) Plaintiffs' 42 U.S.C. § 1983
claim that Matthies and the County violated Plaintiffs' Fourth and
Fourteenth Amendment rights by removing A.R. from Risso's custody
without a warrant; (2) Plaintiffs' 42 U.S.C. § 1983 claim that Moving
Defendants violated Plaintiffs' Fourteenth Amendment rights by
continuing to detain A.R. following her removal; (3) Risso's First
Amendment claim against Matthies based on Matthies' communication that
prohibited Risso from contacting A.R.; (4) Risso's California Civil
Code section 52.1 claim against Matthies and Magana; (5) A.R.'s false
imprisonment claim[2] against Matthies, Killian and Magana; and (6)
Plaintiffs' intentional infliction of emotional distress claims
against Matthies, Killian and Magana.  (Compl. ¶¶ 67-96.)

PLAINTIFFS' FACTUAL ALLEGATIONS

A.R., who was eight years old during the events alleged in
the Complaint, is the biological child of Risso and Kim Meath
("Meath").  (Id. ¶¶ 28, 30.)  Matthies, Killian and Magana are social
workers employed by the County in its Child Protective Services
("CPS") department.  (Id. ¶¶ 19, 20, 22.)

A state court custody order reveals that at all times
relevant to Plaintiffs' claims, Risso and Meath had joint legal
custody of A.R. but Risso had physical custody of A.R.; Meath was
authorized to visit with A.R. every other weekend, Mother's Day, and
every other Easter holiday.[3]

---

[2]    Although Plaintiffs characterize this claim as a "false
arrest/false imprisonment" claim, under California law, "false arrest
and false imprisonment are not separate torts.  False arrest is but one
way of committing a false imprisonment."  McMahon v. Albany Unified Sch.
Dist., 104 Cal. App. 4th 1275, 1282 (2002).

[3]    Moving Defendants ask that judicial notice be taken of the
(continued...)

On Saturday, March 25, 2006, Meath took A.R. to the hospital to have A.R.'s shoulder examined. (<u>Id.</u> ¶ 31.)  During the examination, a nurse noticed a burn on A.R.'s jaw line. (<u>Id.</u> ¶ 32.) The nurse questioned A.R. about the burn and A.R. responded that she had burned herself with a hair dryer. (<u>Id.</u> ¶ 33.)  The nurse determined that the burn had actually been caused by a car cigarette lighter; therefore, the nurse made a referral to CPS. (<u>Id.</u> ¶¶ 34-35.)

Matthies responded to the referral. (<u>Id.</u> ¶ 37.)  When Matthies questioned A.R., A.R. again stated she had burned herself with a hair dryer. (<u>Id.</u>)  Matthies then "removed" A.R. from Risso's physical custody, without a warrant and without speaking to Risso or A.R.'s step-mother, and "placed" A.R. in Meath's sole physical custody. (<u>Id.</u> ¶¶ 39-40, 50.)

Meath had used illegal drugs the day before this placement, which usage was on March 24, 2006. (<u>Id.</u> ¶ 40.)  When Matthies gave Meath physical custody of A.R., Matthies knew or should have known of Meath's drug use and unstable lifestyle. (<u>Id.</u> ¶¶ 41-42.)  Matthies also had not looked at A.R.'s custody file, which would have provided information about Meath's unsuitability as A.R.'s custodian. (<u>Id.</u> ¶ 45.)  Further, Matthies had not checked CPS's own files, which would have revealed several unfounded allegations made by Meath against

---

[3](...continued)
"Findings and Order After Hearing" issued in <u>Kimberly Meath, Petitioner, and Mark Risso, Respondent</u>, San Joaquin County Superior Court, No. 303824, on January 24, 2006, wherein it is stated that Risso and Meath had joint legal custody of A.R. and Risso had physical custody of A.R. Judicial notice is taken of these custody determinations. <u>See</u> <u>Santos v. County of Los Angeles Dep't of Children & Family Servs.</u>, 299 F. Supp. 2d 1070, 1075-77 (C.D. Cal. 2004) (taking judicial notice of state court custody case records in federal civil rights action against social workers), <u>aff'd</u> 200 Fed. Appx. 681 (9th Cir. 2006).

Risso, reflecting Meath's past attempts to gain greater custody rights.  (Id. ¶ 46.)

After Matthies placed A.R. in Meath's physical custody, he had a telephone conversation with Risso during which he informed Risso of the placement and told Risso not to contact A.R. or Meath, but instead to call CPS on Monday, March 27, 2006.  (Id. ¶¶ 40, 43.)

A.R.'s case was then turned over to Magana and Killian.  (Id. ¶ 47.)  Magana insisted that Risso submit to a drug test and "threatened that if [Risso] did not submit to a drug test that she would consider it 'dirty,'" meaning Magana would presume Risso would have tested positive for drugs.  (Id. ¶ 48.)

A.R. remained in Meath's custody for approximately 24 hours, after which A.R. was placed in a shelter where she remained for several days; later, A.R. was placed in the custody of a paternal aunt.  (Id. ¶ 54.)

Subsequently, Moving Defendants instituted proceedings in juvenile court on March 29, 2006 to make A.R. a dependent of the court ("dependency proceedings").[4]  (Id. ¶ 59.)  Plaintiffs allege this petition "contained lies, misrepresentations, and omissions of material fact."  (Id. ¶ 57.)  Plaintiffs further allege that during the dependency proceedings, Defendants made additional fabrications and misrepresentations to the juvenile court, failed to introduce exculpatory evidence, and introduced evidence that had been obtained by duress.  (Id. ¶¶ 74, 81-82, 95.)

---

[4]  Specifically, Plaintiffs allege that the CPS "implemented and pursued immediately in the [dependency proceeding] a 'permanent plan' of guardianship and/or adoption of [A.R.] away from her father . . . ."  (Compl. ¶ 59.)  Judicial notice is taken of Juvenile Dependency Petition, In Re A.R., El Dorado County Superior Court, No. PDP20060024 (March 29, 2006).

1    Plaintiffs also allege Defendants placed Risso on various

2  state and local database registries for perpetrators of child abuse.

3  (Id. ¶ 65.)

4  DISCUSSION[5]

5  I.  Federal Claims

6    A. Initial Removal of A.R.

7    Matthies and the County move for dismissal of Plaintiffs'

8  claim in which it is alleged that the removal of A.R. from Risso's

9  custody without a warrant violated Plaintiffs' Fourteenth Amendment

10 right of familial association.  (Mot. at 5:24-7:14.)

11   "A parent's interest in the custody and care of his or her

12 children is a constitutionally protected liberty interest" under the

13 Fourteenth Amendment.  Woodrum v. Woodward County, 866 F.2d 1121, 1124

14 (9th Cir. 1989), citing Santosky v. Kramer, 455 U.S. 745, 753 (1982).

15 This right, also characterized as the right of familial association,

16 prevents a social worker from removing children from their parents'

17 custody without a warrant, unless the social worker has "reasonable

18 cause to believe that the child is likely to experience serious bodily

19 harm in the time that would be required to obtain a warrant."  Rogers

20 v. County of San Joaquin, 487 F.3d 1288, 1294 (9th Cir. 2007).

21   Matthies and the County contend that since Risso and Meath

22 shared joint legal custody of A.R., Matthies did not violate this

23 right when he placed A.R. in Meath's sole physical custody.  (Mot. at

24 5:26-6:5.)  But since Risso had the right to physical custody of A.R.,

25 except when Meath was entitled to have A.R., Matthies and the County

26

27 _____

28        [5]    The  Federal  Rule  of  Civil  Procedure  12(b)(6)  dismissal
   standards are well known and need not be repeated here.

have not shown that Risso was not deprived of that right.  Therefore,
the motion to dismiss this claim is denied.

    B. Continued Detention of A.R.

        Moving Defendants seek dismissal of Plaintiffs' second claim
in which Plaintiffs allege the continued detention of A.R. after her
removal from Risso's custody and until her return to Risso's custody
violated Plaintiffs' familial association right, arguing that "a brief
or temporary separation does not [violate this right]."  (Mot. at
9:13-14.)

        Since the familial association right includes protection
against temporary separations, Moving Defendants have not shown this
claim should be dismissed.  See Rogers, 487 F.3d at 1294 (finding
social workers' temporary removal of a child from parent's custody
violated the Fourteenth Amendment).

    C. First Amendment Claim

        Matthies also seeks dismissal of Risso's third claim in
which Risso alleges that Matthies's proscription that Risso not
contact A.R. or Meath violated Risso's First Amendment rights.  (Mot.
at 10:2-3.)  Matthies characterizes this claim as a substantive due
process claim, arguing it should be dismissed because "substantive due
process does not guarantee a pleasant tone of voice or courteous
manner."  (Id.)  Risso responds that "[t]he point of the allegations
in the complaint is not the tone of the social worker['s] voice," but
rather focuses on the social worker's wield of authority in a manner
that "interfere[d] with [Risso's] [First] Amendment right of
association with his daughter."  (Opp'n at 4:6-9.)  Since it has not
been shown this claim should be dismissed, the motion is denied.
///

1      D. Questioning A.R. Without Risso Present

2          Moving Defendants argue that Plaintiffs' contention that

3  A.R. should not have been questioned out of Risso's presence fails to

4  allege a viable substantive due process claim. (Mot. at 7:17-20.)

5  Plaintiffs respond that they make "no such claim." (Opp'n at 2:9-10.)

6  This portion of the motion is denied since it has not been shown to

7  present a real controversy.

8      E. The County's Liability

9          The County seeks dismissal of Plaintiffs' claims for the

10  initial removal and continued detention of A.R., arguing that

11  Plaintiffs have failed to allege sufficient facts to support municipal

12  liability. (Mot. at 13:27-14:20.) "[A] claim of municipal liability

13  under section 1983 is sufficient to withstand a motion to dismiss even

14  if the claim is based on nothing more than a bare allegation that the

15  individual officers' conduct conformed to official policy, custom, or

16  practice." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621,

17  624 (9th Cir. 1988). Here, Plaintiffs allege that "as a result of

18  ineffective, non-existent, or inadequate training and education of

19  employees, [the County] caused or [was] otherwise responsible for the

20  acts or omissions of [Matthies, Killian and Magana]," and that the

21  acts of Matthies, Killian and Magana were "pursuant to a custom,

22  policy, practice or procedure of [the County]." (Id. ¶¶ 12-13.)

23  These allegations are sufficient to withstand the County's dismissal

24  motion; therefore, the motion is denied.

25      F. Absolute Immunity

26          Matthies, Killian and Magana seek dismissal of Plaintiffs'

27  Fourth and Fourteenth Amendment claims in which Plaintiffs challenge

28  the initial removal and continued detention of A.R. These Defendants

argue they are absolutely immune from liability for these claims because the claims arise from the prosecution of child dependency proceedings. (Mot. at 12:8-24.) However, "while social workers may claim absolute immunity for decisions to institute dependency proceedings and for submissions made to a court, they are not similarly protected when they take actions to detain juveniles prior to any dependency proceedings." Wolf v. County of San Joaquin, 2006 WL 1153755, at *3 (E.D. Cal. Apr. 28, 2006). Accordingly, Matthies, Killian and Magana have not shown that they are immune from liability for the initial removal and the continued detention of A.R. prior to the dependency proceedings, which are alleged in Plaintiffs' first and second claims.

Further, Matthies, Killian and Magana argue they are absolutely immune from Plaintiffs' allegations that, during the dependency proceedings, these Defendants "failed to challenge a nurse's qualifications as an expert on burn etiology, presented false allegations, failed to address further scars on A.R. and omitted information about Meath and her boyfriend." (Mot. at 12:25-13:1.) Plaintiffs counter that "those are not the bases of the first and second [claims]," and instead, these allegations of "dishonesty are contextual." (Opp'n at 6:12-16.) In light of Plaintiffs' response, Matthies, Killian and Magana have not shown that the absolute immunity doctrine applies to those allegations.

Therefore, this portion of the motion is denied.

II.  State Law Claims

   A. State Law Immunities

Matthies, Killian and Magana argue they are immune from liability for Plaintiffs' state law claims under California Government

Code section 821.6, which immunizes them from liability for
instituting a judicial proceeding, and under California Government
Code section 820.2, which immunizes them from liability stemming from
their exercise of discretion.  (Mot. at 17:11-20; 19:4-8.)

Section 821.6 provides a public employee immunity from
liability for an "injury caused by his instituting or prosecuting any
judicial or administrative proceeding within the scope of his
employment, even if he acts maliciously and without probable cause."
Cal. Gov't Code § 821.6.  However, a public employee has no section
821.6 immunity if he acted with malice in committing perjury,
fabricating evidence, failing to disclose exculpatory evidence, or
obtaining evidence by duress.  Id. § 820.21; see Masoud v. County of
San Joaquin, 2006 WL 3251797, at *8 (E.D. Cal. Nov. 8, 2006) (finding
that upon a motion to dismiss, the plaintiffs' general allegation that
"[d]efendants are guilty of oppression, fraud, and/or malice" was
"sufficient to invoke the [section 820.21] exception to the general
grant of governmental immunity . . .").  Since Plaintiffs have alleged
that each Defendant acted with malice in "withholding exculpatory or
contradictory information" and in "fabricating . . . the statements of
A.R. and the circumstances surrounding the obtaining of the statements
of A.R. and others in an effort to mislead the court," the motion
seeking dismissal of Plaintiffs' state law claims under section 821.6
is denied.

Section 820.2 provides a public employee with immunity from
liability for "an injury resulting from his act or omission where the
act or omission was the result of the exercise of the discretion
vested in him, whether or not such discretion be abused."  Cal. Gov't
Code § 820.2.  This immunity applies "only to deliberate and

considered decisions in which a conscious balancing of the risks took place." <u>Caldwell v. Montoya</u>, 10 Cal. 4th 972, 981 (1995).  Construing the allegations in the light most favorable to Plaintiffs, the allegations do not show that Matthies, Killian and Magana's actions were taken as a result of a deliberate and considered exercise of discretion.  Accordingly, the motion seeking dismissal of Plaintiffs' state law claims under section 820.2 is denied.[6]

    <u>B. Section 52.1 Claim</u>

       Matthies and Magana seek dismissal of Risso's California Civil Code section 52.1 claim, arguing that Risso does not allege any threat of physical harm as required by the statute.  (Mot. at 14:21-15:18.)  Risso alleges that the following conduct violated section 52.1(a):  Matthies's communication prohibiting Risso from contacting A.R. and Magana's statement that Risso's refusal to take a drug test would result in a conclusion that he had used drugs.  (Compl. ¶¶ 79-85.)

       A defendant violates section 52.1(a) if the defendant "interferes by threats, intimidation, or coercion" with a plaintiff's federal or state rights.  Section 52.1(j) provides that

> [s]peech alone is not sufficient to support an action brought pursuant to subdivision (a) or (b), except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat.

---

   [6]  The County also moves to dismiss Plaintiffs' state law claims under California Government Code section 815.2(b).  (Mot. at 20:3-12.)  However, none of Plaintiffs' state law claims are against the County. (<u>See</u> Compl. ¶¶ 79-96.)

Cal. Civ. Code § 52.1(j).  It is "clear that [section 52.1] is meant to protect against violence or the threat of violence."  <u>Rabkin v. Dean</u>, 856 F. Supp. 543, 552 (N.D. Cal. 1994).  Since Plaintiffs have not alleged facts showing any violence or threat of violence, Matthies and Magana's motion to dismiss Risso's section 52.1 claim is granted.

C. False Imprisonment

Matthies, Killian and Magana seek dismissal of A.R.'s false imprisonment claim, arguing that A.R.'s detention was lawful under California Welfare and Institutions Code section 305.  (Mot. at 16:5-9.)

Section 305 provides that a social worker may legally take a child into protective custody without a warrant if the social worker has a reasonable belief that the child has suffered or will suffer child abuse as defined in California Welfare and Institutions Code section 300, and the child needs immediate medical care or is in imminent danger of physical or sexual abuse.  Cal. Welf. & Inst. Code § 305(a).

Since it has not been shown that A.R.'s claim should be dismissed, Matthies, Killian and Magana's motion to dismiss A.R.'s false imprisonment claim is denied.

D. Intentional Infliction of Emotional Distress

Matthies, Killian and Magana seek dismissal of Plaintiffs' intentional infliction of emotional distress ("IIED") claims, arguing that Plaintiffs' Complaint does not identify any "objectively unconscionable outrageous or uncivilized conduct to support" the IIED claims.  (Mot. at 17:1-4.)  Plaintiffs allege that the following was outrageous conduct "intended to cause plaintiffs, and did cause plaintiffs, severe emotional distress": (1) the removal and continued

detention of A.R., (2) Matthies' order that Risso not communicate with A.R., and (3) Magana's statement that Risso's refusal to take a drug test would result in a finding he had used drugs.  (Compl. ¶ 95.) Plaintiffs' allegations are sufficient to withstand this dismissal motion; therefore, the motion is denied.

III. Placement of Risso on Child Abuse Central Index

Moving Defendants seek dismissal of Plaintiffs' "[a]llegations related to violation of [Risso's] rights under the First or Fourteenth Amendments related to placement of his name on [the State Child Abuse Central Index ("CACI")]."  (Mot. at 12:5-7.) Plaintiffs counter that "[Risso's] placement on the CACI was alleged as damages, not as a stand-alone cause of action, and therefore there is no claim to dismiss."  (Opp'n at 4:18-19.)  Since this issue has not been shown to present a real controversy, the motion is denied.

CONCLUSION

For the stated reasons, Matthies and Magana's motion to dismiss Risso's claim alleged under California Civil Code section 52.1 is granted.  The remainder of the motion is denied.  Plaintiffs are granted leave to file an amended complaint that amends the dismissed claim provided that the amended complaint is filed no later than ten days from the date on which this order is filed.

IT IS SO ORDERED.

Dated:  January 8, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge